THOMAS & al. *versus* Dow & al.

The surety on a poor debtor's six months' relief bond is discharged by a contract made, for a valuable consideration, between the creditor and the principal, without the knowledge of the surety, that the bond should be discharged, if the principal at a time beyond the six months shall pay a specified part of the amount due.

ON FACTS AGREED in the District Court.

DEBT upon a poor debtor's six months' relief bond. The principal debtor was defaulted. The surety defended.

The bond was dated July 14, 1848. On January 13, 1849, the plaintiffs, without the knowledge or consent of the surety, agreed in writing with the principal, that if he would on that day pay $5,00 and would also pay $30 more in goods at the end of thirty days, the plaintiff "will discharge and deliver up the bond and the judgment." The principal paid the $5,00 pursuant to the contract.

*Rowe & Bartlett*, for the plaintiff.

This case differs from *Leavitt* v. *Savage*, 16 Maine, 72, in this; that here is no express agreement not to sue, and none can be implied by law.

The plaintiffs retained their right to commence a suit, at the expiration of the six months, on the bond, if forfeited; or on the judgment, if the condition were performed; and the agreement merely placed it in the power of the debtor to defeat such action, if commenced, by a performance, or a tender on his part.

Such agreements, to take a less sum in discharge of a greater, if paid in a given time, are of daily occurrence. Does

the creditor thereby lose the right to secure his claim by attachment? It will not be pretended.

The language of the agreement negatives the idea of an intention on the part of the creditors, to extend the time on the bond. The expression is, " will discharge and deliver up the bond and the judgment," thus contemplating a continued liability on the bond ; and agreeing to discharge it, whether sued or not.

It was the duty then of the surety to see to the performance, either of the bond, or of the condition which was to discharge it.

*J. E. Godfrey*, for the defendant.

HOWARD, J. — The plaintiffs contracted with the principal, for a valuable consideration received, before forfeiture, and without the knowledge or consent of the surety, to enlarge the time of payment or performance of the conditions of the bond. This contract was valid and binding upon them, and suspended their remedy upon the obligation, until the time of extension had elapsed. If, in violation of the stipulation, the obligees had instituted a suit upon the bond, the principal could have obtained relief in a court of equity by injunction. The argument, therefore, that the plaintiffs waived no rights by the agreement, and that they retained the right to commence a suit at the expiration of the six months, on the bond, if forfeited, cannot be supported.

While the rights of the plaintiffs were suspended, by their contract, the surety could not proceed, by substitution against the principal in their names; nor by furnishing indemnity, compel them to proceed against him. The effect of their agreement was to alter the contract of the surety, to impair his rights, and discharge him from all responsibility on the obligation.

In *Leavitt* v. *Savage*, 16 Maine, 72, doctrines decisive of this case were fully considered, and settled upon principles deduced from authorities in law and equity. *Greely* v. *Dow*, 2 Metc. 176.

---

As the principal has been defaulted, the plaintiff may have judgment against him, by amending his writ, and striking out the name of the surety, on payment of his costs. R. S. chap. 115, sect. 11.